# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALLA MITCHELL, )
)
      Plaintiff, )
) COMPLAINT FOR DAMAGES FOR
) PERSONAL INJURY AND DEMAND
) FOR TRIAL BY JUDGE
v. )
)
CROTHALL HEALTHCARE a )
subsidiary of COMPASS GROUP )
USA, aka COMPASS GROUP, )
NORTH AMERICA and COMPASS )
GROUP, USA, )
      Defendant.(s) )
_____)

      Plaintiff, Alla Mitchell, and by and through her attorney, Kenneth M. Johnson, brings this action and demands damages from Defendants, Crothall Healthcare a subsidiary of Compass Group, USA and parent company Compass Group, USA (hereinafter, "Defendants" and states as follows in support of this lawsuit:

## THE PARTIES

1. Alla Mitchell (Plaintiff") is an adult citizen of the State of North Carolina and a resident of the city of Reidsville, Rockingham County, North Carolina.

2. That Defendant Crothall Healthcare is a subsidiary company that is based in Waayne, Pennsylvania, and Defendant Compass Group, USA aka Compass Group, North America is the parent company as a Charlotte, North Carolina based company respectively, both companies doing business in North Carolina, and operate and/ or manage offices and employees in multiple locations in Forsyth County including at Forsyth Medical Center at 3333 Silas Creek Parkway in Winston-Salem, NC where it engages in cleaning and food services business, and is organized and registered to operate in the State of North Carolina. Defendant Crothall Healthcare is a wholly owned subsidiary/division of Compass Group North America also known as Compass Group, USA.

## JURISDICTION AND VENUE

3. This is a civil action for compensatory and punitive damages as well as penalties and costs, and other remedies for physical injury and losses suffered by Plaintiff as a result of the negligence of Defendants and its agents that resulted in Plaintiff slipping and falling.

4. The Superior Court has jurisdiction over this matter pursuant to North Carolina General Statute §7A-243 because it involves claims for damages in excess of the jurisdictional minimum of $25,000.

5. Personal jurisdiction is proper under North Carolina General Statute §1-75.4(1)(d) and the common law because Defendants operate and maintain business in multiple locations and otherwise is present and doing business in the 21st Judicial District.

6. Venue of this action is appropriate in Forsyth County under North Carolina General Statute §1-76 because a significant act and/or omission arose in this county, the Defendants' principal place of business is here, and the Defendants transact business here.

## FACTS REGARDING THE CASE

7. On the morning of Monday, June 22, 2015, Plaintiff was a guest at Forsyth Medical Center, located at 3333 Silas Creek Parkway, Winston Salem, North Carolina 27103. Plaintiff was visiting her brother who was a patient on life support in the Intensive Care Unit (ICU) at the time and was walking from his room to the guest lobby.

8. During this time period, a male employee, of Defendant Compass Group, USA/Crothall Healthcare (hereinafter "Agent") was cleaning the floors within the ICU wing with an industrial cleaning machine. He failed to place a "Wet Floor" sign down to notify guests of the wet, slippery floors when rounding the large desk in the hallway which is the juncture point for the two hallways though the machine was leaving standing water on the floor of the hospital hallway.

9. Plaintiff reached the point in the hallway where the two adjoining halls meet at the large desk, where she and agent had clear view of each other as he was standing by the opposite end of the desk. Though the two made eye contact, Agent gave no verbal warning to Plaintiff that the floors were wet. As Plaintiff continued to walk towards Agent's direction, Plaintiff lost her footing on the slippery, wet floor and fell from a standing and walking position onto the hard, wet hospital floor, landing on her right side, causing serious and severe injuries more fully described below.

10. This violent fall was witnessed by a group of Forsyth Medical employees who were walking nearby and who rushed to Plaintiff's aid. Several of those hospital employees along with Plaintiff, audibly noted that the floor was wet as they all knelt crouched by Plaintiff's side where she was

2

lying on the floor, as did Plaintiff's niece who joined them all soon after while Plaintiff was still on the floor.

11. At or near the site of the fall, Agent admitted to Plaintiff's niece that he had put his employer on notice that the cleaning machine was broken prior to using it by reporting to his supervisor that the machine was broken and not pulling water back into it to properly dry the floor. He further explained that the machine is designed to mop the floors and pull all water back into the machine so that there is no standing water. Agent gave a candid admission to Plaintiff's niece that though he informed his supervisor that the machine was broken and leaving standing water on the floors, that he was still instructed to use the machine to clean the floors by his supervisor, who is also Defendants' Agent.

12. As a result of both Agents' negligence and blatant disregard for safety, it was impossible to know to use caution in the area with the slippery, wet floors. Solely because of this negligence of using the broken cleaning machine and not placing adequate warning signs or obstructions ahead of the slippery wet floor and the ineffective job of drying the floor in the absence of any warning signs as well as Agent's failure to verbally warn Plaintiff, Plaintiff slipped and fell. This fall caused Plaintiff to sustain serious and severe injuries to her person, including but not limited to the following injuries: contusions of the right shoulder region, contusions of the right hip and right knee, a sprain of her right ankle, post traumatic pain in her right shoulder, arm, wrist, lower back, and leg, degenerative disc disease in her lumbar spine with associated facet disease; ongoing, persistent pain and suffering that includes swelling and numbness in her right ankle pains in her right shoulder, a weakened right wrist, shooting pains in her lower back that is now plagued with degenerative disc disease and facet disease, and shooting pains in her right hip and right leg; inability to drive long distances, stand for long periods, or lift heavy objects on her right side, as well as other serious and severe personal injuries and limitations.

## DAMAGES RESULTING FROM DEFENDANTS' NEGLIGENCE

13. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 12 above as if more fully set forth herein at length.

14. Solely as a result of the injuries aforementioned, Plaintiff has incurred damages including:

   a. Medical expenses;

   b. Lost wages;

   c. Lost business opportunity income;

   d. Plaintiff has, may, and probably will for an indefinite time in the future, suffer great pain, inconvenience, increased physical limitations, embarrassment, and mental anguish.

3

e. Plaintiff has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures in life, loss of well-being, and equanimity; and

f. Plaintiff's overall health, strength, and vitality have been greatly impaired.

## COUNT I: NEGLIGENCE

15. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 14 above as if more fully set forth herein at length.

16. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendants, which consisted inter alia of the following particulars:

17. Defendants owed a duty of care to Plaintiff and other patrons, employees, visitors, and guests of the hospital to perform cleaning duties in a manner that would not present foreseeable threats of bodily harm to those in the hospital.

18. Defendants owed a duty to Plaintiff and others walking on the newly cleaned floors requiring their Agent to warn of the unsafe condition that the floors were slippery and wet, a reasonable standard of conduct for safety when cleaning floors.

19. Defendants breached the duty of care owed to Plaintiff. Defendants' breach led to an unreasonable and foreseeable risk of physical injury to individuals including the Plaintiff.

20. Defendants had a duty to properly supervise, train, and monitor their employees, and to ensure that employees' compliance with all applicable statutes, laws, regulations, or safety codes pertaining to cleaning the premises of the hospital which is classified as a hotel or carrier and pertaining to safe operations of its cleaning equipment, but the Defendants failed to do so. Failure to conform to this duty is negligence and led to an unreasonable and foreseeable risk of bodily harm by creating the condition of slippery wet floors that Defendants did not warn against. This is evidenced by the employee Agents' following actions and inactions:

> a. The supervising Agent failed to authorize or mandate discontinued use of the broken machine or to mandate that Wet Floor signs must be used along with immediate use of a mop to immediately wipe away all standing water in the alternative if the broken machine was to be used with the knowledge that the machine was leaving standing water on the floors; thereby failing to use necessary due caution, though the Agent admitted to having notice that the cleaning machine was broken and otherwise should have reasonably known that it was broken upon operating the machine on the morning of this incident.

> b. Failing to place Wet Floor signs prominently in an area that would warn persons walking towards the slippery, wet floors of the potential dangers that were ahead,

4

failed to create a safe condition to ensure that Plaintiff would not be caused to slip and fall as a result of standing water on the floor which existed; this fact was known and should have been known to the Defendants' agents;

c. Failing to verbally warn Plaintiff of the potential dangers that were ahead or to alert her to use caution even though Agent saw that Plaintiff was walking directly into the danger zone and though Agent was still on the scene where the floors were still wet.

21. Otherwise failing to exercise the degree of care required under the circumstances; and

22. Otherwise being negligent.

23. Plaintiff was a person intended to be protected by the safe cleaning of the floors and by the Defendants' agents safely executing the job duties and practices of the Defendants. As a direct and proximate result of Defendants' acts and omissions of negligence, Plaintiff fell and was injured.

24. As a result of the aforesaid conduct and breach of care of the Defendants, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto. Thus, Plaintiff suffered legally cognizable damages caused by Defendants' breach in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment against Defendants as follows:

1. That the Court award Plaintiff judgment against Defendants in such sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental, and consequential damages incurred, or to be incurred, by Plaintiff as the proximate result of Defendants' negligence and the acts and omissions of its agents. These include, but are not limited to, physical pain and suffering, both past and present; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress and future emotional distress; pharmaceutical expenses, both past and future; wage loss and lost opportunity income and earning ability; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2. That the Court award Plaintiff's costs incurred in prosecuting this action as provided by law and otherwise by court rule; and,

3. That the Court award Plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served;

5

4. For an award of such other and further relief, including equitable relief, as this Court deems just, necessary, and proper in the circumstances.

This the 23rd day of February, 2021.

*S/ Kenneth M. Johnson*
Kenneth M. Johnson
Attorney for Plaintiff
NC State Bar No. 6230

Of counsel:

Kenneth M. Johnson, P.A.
701 E. Market Street
Greensboro, NC 27401
Telephone: (336)272-8273
Facsimile: (336)285-8579

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint for Damages For Personal Injury and Demand for Trial by Judge and Notice of Dismissal as to Compass Group, PLC has been served upon the current and former Defendants to this action by depositing the same via United States Mail with the United States Postal Services to the parties and addresses below:

> Crothall Healthcare/Compass Group, USA
> c/o Corporation Service Company, Registered Agent
> 2626 Glenwood Avenue, Ste 550
> Raleigh, North Carolina 27608

> Crothall Healthcare, Inc.
> c/o Corporation Service Company, Registered Agent
> 2626 Glenwood Avenue, Ste 550
> Raleigh, North Carolina 27608,

> COMPASS GROUP. USA/COMPASS GROUP, NORTH AMERICA
> C/O Corporation Service Company, Registered Agent
> 2626 Glenwood Avenue, Ste 550
> Raleigh, North Carolina 27608

This the 24th day of February, 2021.

By: *S/Kenneth M. Johnson*
Kenneth M. Johnson
NC State Bar No. 6230

Of Counsel:

Kenneth M. Johnson, PA
701 E. Market Street
Greensboro, NC 27401
Telephone:(336)272-8273
Facsmile: (336)285-8579